IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:19-cr-00103 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| JAROD SYLVESTER ALSTON | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Jarod Sylvester Alston filed an emergency motion for bail due to the COVID-19 pandemic.  (Dkt. No. 102.)  The court took the motion under advisement, directed the parties to meet and confer, and ordered the government to response.  (Dkt. No. 103.)  The government responded on November 23, 2020.  (Dkt. No. 106.)  For the following reasons, Alston's motion will be denied without a hearing.

I.  BACKGROUND

Alston is charged with conspiracy to distribute methamphetamine, heroin, fentanyl, and cocaine, possession with intent to distribute heroin, and possession with intent to distribute cocaine.  Alston's criminal history is significant, including eight convictions between 2012 and 2013 for felony burglary, breaking and entering to commit a felony, and grand larceny.  He was convicted of two felony probation violations after sustaining a misdemeanor conviction for brandishing.  Alston was on active probation when he allegedly committed the offenses charged in this case.

In April, Alston's request for bond was denied by the magistrate judge and again on review by this court.  (Dkt. Nos. 74, 76.)  The court found that Alston should continue to be detained because his proposed plan to live with his father was "insufficient to overcome his prior record and the serious charges and penalties he faces;" clear and convincing evidence established that Alston is a danger to the community; and "Alston's fear of contracting COVID-19 is not

enough to overcome the significant evidence to justify his detention." (Dkt. No. 76 at 2–3.) The court noted its agreement with cases denying bond motions that "rely solely on the COVID-19 pandemic." (*Id.* at 3 (collecting cases).)

## II. ANALYSIS

Detention pending trial should be ordered if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Courts consider the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the history and characteristics of the person, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.* § 3142(g). In addition, when (as here) there is probable cause to believe that a defendant has committed an offense under 21 U.S.C. § 841(a)(1), it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

Alston's request for bond will be denied for the same reasons stated by the court in April. The only potentially relevant changes are that Alston is now in the Western Virginia Regional Jail and the COVID-19 outbreak has worsened there. As before, the pandemic is the sole justification offered by Alston in favor of his release. The presence of the pandemic does not alter the individualized assessment required under § 3142(g). Nor can it serve to overcome the presumption in favor of bond due to Alston being charged with a drug offense under § 841. And while infections have increased at WVRJ, jail authorities remain committed to pandemic safety

protocols.  Alston does not indicate that he has a health condition placing him at risk for a severe COVID-19 infection.

## III.  CONCLUSION

For these reasons and because the court must make an individualized assessment, it is HEREBY ORDERED that Alston's motions for bond (Dkt. No. 102) and for a hearing (Dkt. No. 108) are DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to counsel of record.

Entered: December 8, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge